Watson *v.* City of Elizabeth.

WILLIAM M. WATSON, appellant,

*v.*

THE CITY OF ELIZABETH, respondent.

Equity will not entertain jurisdiction to remove a cloud from the title of a lot, alleged to have been imposed thereon or threatened by a municipal assessment, (1) because complainant paid the assessment without knowledge of its illegality; nor (2) because the city has not repaid the excess over and above complainant's share of the improvement, as the city agreed; nor (3) because there was a misrepresentation by the city that the assessment, when made, was just and equitable.

*Mr. George Putnam Smith,* for appellant.

*Mr. Frank Bergen,* for respondent.

On appeal from a decree of the chancellor, on the following opinion.

THE CHANCELLOR.

The bill states that the complainant is the owner of a lot of land in the city of Elizabeth; that the charter of the city provides for the assessment of the costs and expenses of regulating, grading and paving any street or section of a street in the city, or grading, graveling, flagging, macadamizing, or otherwise improving any street or section of a street, upon the owners of land and real estate on the line of the street or section of the street so improved, and for enforcing payment by sale of the property for a term of years, as well as by suit against the owner; that an assessment of a specified sum of money was laid upon the complainant's property mentioned in the bill, for an improvement of part of a street on the line of which the property was situated, and that for non-payment of it the property was sold under the charter, and a certificate of the sale was given, which sale and certificate, the bill alleges, created a cloud upon the complainant's title.

The bill further states that the city threatened to execute a declaration of sale, whereby the purchasers would have been, under the charter, lawfully entitled to hold and enjoy the land against the owner and all persons claiming under him; that under fear of such threats, and to remove the cloud on the title, the complainant paid to the defendants, on or about the 20th of December, 1872, the amount claimed to be due for principal and interest on the assessment, and that the complainant has requested the municipal authorities to examine into the benefit conferred on his land by the improvement, and to retain so much of the money so paid by him to them as should be equal to the benefit, and return to him the rest.

The bill then avers that the money was paid with the understanding and on the agreement that the city should retain so much thereof as it might be entitled to as the complainant's proper share of the cost of the improvement, and return to him the balance, if any there should be, and that he has requested the city to ascertain the amount chargeable to him for the benefits, and to account with him accordingly; but that it has refused to do either, and claims the whole of the money as its lawful and just due.

The bill contains further averment that after the improvement was completed the city directed the city surveyor to make an equitable and just assessment therefor upon the owners of lands on the line of the improvement, and an assessment having been made, the city represented to the complainant that the sum charged against him was, with interest thereon, a just and equitable assessment, and a fair proportion of the cost of the improvement, and the bill then avers that relying on such representation and statement, and induced thereby, the complainant paid the money, but has discovered that the representation and statement were untrue, and that the amount charged against him was not a just and equitable assessment, and that neither the city nor its agents ever attempted to make such assessment; that the money which he so paid was and is greatly in excess of a just and equitable assessment, and that the defendant refuses to make such an assessment or return any part of the money.

The bill prays that the assessment may be judged to be illegal and void; that an account may be had of the payment and benefits, and that the surplus, if any, of the payment over the benefits, may be repaid to the complainant, with interest, and there is also the general prayer for relief.

The design of the pleader evidently was to present the claim of the complainant in three different phases, after the manner of the courts in a declaration in a suit at law. The first is, that it arose out of the stress of some illegal demand under which a cloud had been created on his title and an additional one was threatened. The second, that money was paid on an agreement to repay so much as should be in excess of the actual benefits; and the third that it was paid upon a misrepresentation that a just and equitable assessment had been made. It is merely a bill for relief against the assessment filed to obtain a return of part of the money paid. It was filed more than six years after the money was paid. It is almost needless to remark that if such a method of reviewing assessments and recovering back money paid on account of them is open to those who have in time past paid their assessments, an extensive field of litigation will have been discovered.

As to the first aspect of the claim, it presents nothing but the ordinary case of the payment of an assessment which the person assessed preferred to pay rather than litigate, or the case of payment of an assessment which the person assessed might have litigated successfully, but which, for want of knowledge that it was illegal, he did not litigate. If, under such circumstances, the money can be recovered back, there is no reason for a resort to equity; the remedy is at law.

As to the second phase, that there was an agreement that the city would return all the money paid over and above the complainant's share of the cost and expense of the improvement, it appears by the bill that the city did, in fact, make an improvement. The bill states that the property was sold under the assessment, and it prays that the assessment may be set aside as illegal and void. If there was an assessment, the claim for the excess (if any of the money paid was the amount of the assess-

ment) is cognizable at law. But it is urged on this point, that though there was an assessment, it was not just and equitable. For this grievance, whatever remedy there is, is at law, and if the remedy at law be lost through laches there is no remedy in equity. *Lewis* v. *Elizabeth, 10 C. E. Gr. 298; Dusenbury* v. *Newark, Id. 295.*

The third aspect of the case is, under the averment, that there was misrepresentation that the assessment was just and equitable. This averment, like the others, was undoubtedly made with a view of enabling the complainant, under it, to contest the fairness of the assessment. But it is hardly necessary to say that this court will not enter upon the inquiry as to the fairness of a municipal assessment, whether it is just and equitable in its proportions, on the mere allegation that it is unjust and inequitable. *Liebstein* v. *Newark, 9 C. E. Gr. 200; Jersey City* v. *Lembeck, 4 Stew. Eq. 238.*

The demurrer will be allowed, with costs.

PER CURIAM.

This decree unanimously affirmed, for the reasons given by the chancellor in the foregoing opinion.